UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARCUS I. WASHINGTON,

                Plaintiff,

      - against -

NEW YORK CITY DEPARTMENT OF
EDUCATION, *et al.*,

                Defendants.
------------------------------------------------------------x

**MEMORANDUM & ORDER**
26-CV-3585 (PKC) (PK)

PAMELA K. CHEN, United States District Judge:

Plaintiff Marcus I. Washington filed this action on June 15, 2026, proceeding *pro se.* (*See* Compl., Dkt. 1.)  He also filed a motion to proceed *in forma pauperis* ("IFP"), that is, without paying the requisite filing fee. (*See* IFP Mot., Dkt. 2.)  Because Plaintiff has not established that he is unable to pay the filing fee, his request to proceed IFP is denied.  In order to proceed with this action, Plaintiff must, within thirty (30) days, either pay the $405.00 filing fee or file a Long Form IFP application[1] demonstrating his inability to pay.

**DISCUSSION**

The filing fee to commence a civil action in this Court is $350.00, plus an administrative fee of $55.00, for a total of $405.00.  *See* 28 U.S.C. § 1914(a); *Court Fees*, U.S. District Court for the Eastern District of N.Y. (May 28, 2026), https://www.nyed.uscourts.gov/court-fees. The Court may waive that fee for indigent litigants under the federal IFP statute.  *See* 28 U.S.C. § 1915.  The statute is "intended for the benefit of those too poor to pay or give security for costs." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948).  A litigant seeking to proceed IFP must

---

[1] *Available at* https://www.nyed.uscourts.gov/pro-se-forms-and-instructions.

submit an affidavit stating "that the person is unable to pay" filing fees "or give security therefor" and must also include "a statement of all assets" the person possesses.  28 U.S.C. § 1915(a)(1).

A litigant qualifies to proceed IFP if they "cannot because of [their] poverty pay or give security for" the costs of filing "and still be able to provide [themselves] and [their] dependents with the necessities of life." *Adkins*, 335 U.S. at 339.  "A litigant need not be 'absolutely destitute' to qualify for *in forma pauperis* status[.]" *Rosa v. Doe*, 86 F.4th 1001, 1005 (2d Cir. 2023) (first quoting *Adkins*, 335 U.S. at 339; and then citing *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam)).  Nonetheless, "[a]lthough the applicant does not need to show [that] their last dollar will be spent on filing the suit, the fees must constitute a 'serious hardship.'" *Ambrose v. Gaudaramma*, No. 3:24-CV-0926 (VAB), 2024 WL 2836228, at *1 (D. Conn. May 31, 2024) (citing *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007)).

Here, Plaintiff's IFP application does not meet that standard.  His reported net income exceeds his reported expenses by over $2,000 each month.  (*See* IFP Mot., Dkt. 2, at 1–2.)[2]  He also reports that he has $2,200 in a checking or savings account and no dependents.  (*See id.* at 2.)  The information provided does not show that Plaintiff is in poverty, that paying the filing fee would pose a serious hardship, or that he would be forced to choose between filing suit and meeting his monthly financial obligations.  *Compare Ambrose*, 2024 WL 2836228, at *2 (granting IFP where incarcerated plaintiff's financial account contained only $128.93 and he had no other sources of

---

[2] Plaintiff's reported net income is $1,169.50 per week, (*see* IFP Mot., Dkt. 2, at 1), which is approximately $5,064 per month (assuming that each month is, on average, 4.33 weeks long). His reported expenses are $400 per month for rent, $75 per month for his phone bill, $40 per week for transportation, and $500 per week for credit card payments, (*see id.* at 2), which totals approximately $2,813 per month (assuming again that each month is, on average, 4.33 weeks long).  Although Plaintiff also reports "$100,000+ in student loan debt," (*id.*), he does not indicate that there is any corresponding regular monthly expense associated with that debt, so the Court cannot discern how, if at all, it affects his ability to provide himself with the necessities of life.

income or valuable property), *with Humphrey v. U.S. Army Corps of Eng'rs*, No. 21-CV-1901 (RPK) (LB), 2021 WL 1837791, at \*1 (E.D.N.Y. May 7, 2021) (denying IFP where plaintiff received $1,900 per month in retirement payments and $1,020 per month in social security payments, had $1,020 in a checking or savings account, and had no specified monthly expenses, debts, or other financial obligations except an unspecified amount of credit card debt; collecting cases).  Plaintiff's motion to proceed IFP is therefore denied.  He may, if he chooses, file a more detailed IFP application to explain why he believes he qualifies for IFP status.

## CONCLUSION

Plaintiff's request to proceed *in forma pauperis*, (IFP Mot., Dkt. 2), is denied without prejudice.  In order to proceed with this action, he must, within thirty (30) days, either pay the $405.00 filing fee or file a Long Form IFP application establishing that he would be unable to both pay the filing fee and also provide himself with the necessities of life.

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff, along with a copy of the Long Form IFP application, and note the mailing on the docket.  If Plaintiff does not submit the Long Form IFP application or pay the filing fee by the deadline, this case will be dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: July 2, 2026
       Brooklyn, New York

3